In re: AETNA, INC., OUT–OF–
NETWORK "UCR" RATES
LITIGATION.

Jeffrey M. Weintraub v. Ingenix,
Inc., et al., D. Connecticut,
C.A. No. 3:08–654.

Michele Cooper, et al. v. Aetna Health
Inc. PA, Corp., et al., D. New
Jersey, C.A. No. 2:07–3541.

MDL No. 2020.

United States Judicial Panel on
Multidistrict Litigation.

April 8, 2009.

JOHN G. HEYBURN II, Chairman, J.
FREDERICK MOTZ, ROBERT L.
MILLER, JR., KATHRYN H. VRATIL,
DAVID R. HANSEN, W. ROYAL
FURGESON, JR. and FRANK C.
DAMRELL, JR., Judges of the Panel.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Defendants
Aetna, Inc., and affiliated entities [1] (collec-
tively Aetna) have moved, pursuant to 28
U.S.C. § 1407, for coordinated or consoli-
dated pretrial proceedings of this litigation
in a single federal district. Although Aet-
na initially suggested the District of Con-
necticut, the District of New Jersey or the
Southern District of New York as transfer-
ee district, at oral argument Aetna focused

---

**1.** Aetna Health Inc. PA, Corp.; Aetna Health
Management, LLC; Aetna Life Insurance Co.;
Aetna Health and Life Insurance Co.; Aetna

Health Inc.; and Aetna Insurance Co. of Con-
necticut.

its argument on the New Jersey or Connecticut districts. Plaintiffs in the New Jersey action along with plaintiffs in two potentially related actions agree that centralization is appropriate and support centralization in the District of New Jersey. Plaintiff in the Connecticut action opposes centralization; if the Panel deems centralization appropriate, this plaintiff supports centralization in the District of Connecticut. Although co-defendants in the Connecticut action—Ingenix, Inc. (Ingenix) and its parent UnitedHealth Group Inc.—initially opposed centralization, at oral argument these defendants acknowledged that their opposition was moderate; alternatively, these defendants ask the Panel to defer its ruling until the Connecticut court rules on their pending motions to dismiss.

This litigation currently consists of two actions pending in two districts, one action each in the District of Connecticut and the District of New Jersey.[2]

■ On the basis of the papers filed and hearing session held, we find that these two actions involve complex common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. In each action, plaintiffs—on behalf of nationwide classes of Aetna health plan members—challenge Aetna's policies and practices for · reimbursing its plan members' visits to health care providers that are not part of the Aetna network (known as "non-participating" or "out-of-network" providers). Specifically, plaintiffs allege that (1) the Ingenix database of billing information was flawed leading to lower reimbursement rates; and (2) Aetna improperly calculated the usual, customary and reasonable ("UCR") rates of reimbursement for out-of-network services based upon this data. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

■ Although either the District of New Jersey or the District of Connecticut would be an appropriate transferee district for this litigation, we have selected the District of New Jersey, because (1) Judge Faith S. Hochberg has been presiding over the action before her since July 2007 and she is well-versed with the issues involved in this litigation; and (2) two other related actions with similar claims against Aetna are also pending before her.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the District of Connecticut is transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Faith S. Hochberg for coordinated or consolidated pretrial proceedings with the action pending there.

---

2. The Panel has been notified that several potentially related actions have recently been filed. Actions involving similar claims against Aetna will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).