609 F.Supp.2d 1370 (2009)
In re: AETNA, INC., OUT-OF-NETWORK "UCR" RATES LITIGATION.
Jeffrey M. Weintraub
v.
Ingenix, Inc., et al., D. Connecticut, C.A. No. 3:08-654.
Michele Cooper, et al.
v.
Aetna Health Inc. PA, Corp., et al., D. New Jersey, C.A. No. 2:07-3541.
MDL No. 2020.
United States Judicial Panel on Multidistrict Litigation.
April 8, 2009.
JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR. and FRANK C. DAMRELL, JR., Judges of the Panel.

TRANSFER ORDER
JOHN G. HEYBURN II, Chairman.
Before the entire Panel: Defendants Aetna, Inc., and affiliated entities[1] (collectively Aetna) have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in a single federal district. Although Aetna initially suggested the District of Connecticut, the District of New Jersey or the Southern District of New York as transferee district, at oral argument Aetna focused *1371 its argument on the New Jersey or Connecticut districts. Plaintiffs in the New Jersey action along with plaintiffs in two potentially related actions agree that centralization is appropriate and support centralization in the District of New Jersey. Plaintiff in the Connecticut action opposes centralization; if the Panel deems centralization appropriate, this plaintiff supports centralization in the District of Connecticut. Although co-defendants in the Connecticut actionIngenix, Inc. (Ingenix) and its parent UnitedHealth Group Inc. initially opposed centralization, at oral argument these defendants acknowledged that their opposition was moderate; alternatively, these defendants ask the Panel to defer its ruling until the Connecticut court rules on their pending motions to dismiss.
This litigation currently consists of two actions pending in two districts, one action each in the District of Connecticut and the District of New Jersey.[2]
On the basis of the papers filed and hearing session held, we find that these two actions involve complex common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. In each action, plaintiffson behalf of nationwide classes of Aetna health plan members challenge Aetna's policies and practices for reimbursing its plan members' visits to health care providers that are not part of the Aetna network (known as "non-participating" or "out-of-network" providers). Specifically, plaintiffs allege that (1) the Ingenix database of billing information was flawed leading to lower reimbursement rates; and (2) Aetna improperly calculated the usual, customary and reasonable ("UCR") rates of reimbursement for outof-network services based upon this data. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.
Although either the District of New Jersey or the District of Connecticut would be an appropriate transferee district for this litigation, we have selected the District of New Jersey, because (1) Judge Faith S. Hochberg has been presiding over the action before her since July 2007 and she is well-versed with the issues involved in this litigation; and (2) two other related actions with similar claims against Aetna are also pending before her.
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the District of Connecticut is transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Faith S. Hochberg for coordinated or consolidated pretrial proceedings with the action pending there.
NOTES
[1] Aetna Health Inc. PA, Corp.; Aetna Health Management, LLC; Aetna Life Insurance Co.; Aetna Health and Life Insurance Co.; Aetna Health Inc.; and Aetna Insurance Co. of Connecticut.
[2] The Panel has been notified that several potentially related actions have recently been filed. Actions involving similar claims against Aetna will be treated as potential tagalong actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).